**Angeline NARANTIKA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 06–5291–ag.

United States Court of Appeals, Second Circuit.

July 17, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Gregory A. White, United States Attorney for the Northern District of Ohio, Lynne H. Buck, Assistant United States Attorney, Cleveland, OH, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Angeline Narantika, a native and citizen of Indonesia, seeks review of an October 26, 2006 order of the BIA affirming the May 23, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Angeline Narantika*, No. A98 485 274 (B.I.A. Oct. 26, 2006), *aff'g* No. A98 485 274 (Immig. Ct. N.Y. City May 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and BIA's opinions for the sake of completeness. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review legal issues, and the application of law to fact, *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). However, we review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ's and BIA's conclusions that Narantika failed to meet her burden of proof. We note that Narantika conceded before the IJ that she did not experience past persecution. Moreover, her argument to this Court that the IJ failed to consider her evidence of past persecution in the aggregate is belied by the record; we find that the IJ adequately considered Narantika's allegations of past harassment and discrimination before concluding that they did not rise to the level of persecution. *Cf. Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d Cir.2005).

676

Having failed to establish past persecution, Narantika was not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Nor did she produce any evidence that she would be singled out for persecution if she returned. Accordingly, in order to prevail, she was required to establish a pattern or practice of persecution against Chinese Christians in Indonesia. *See* 8 C.F.R. § 1208.13(b)(2)(iii)(A). The IJ and BIA reasonably determined that she failed to establish such a pattern or practice in light of the BIA's finding in a 2005 published opinion that the treatment of Chinese Christians in Indonesia did not rise to this level. *See Matter of A–M–*, 23 I. & N. Dec. 737, 741 (BIA 2005). Moreover, the IJ's thorough analysis of the recent 2004 State Department report buttresses that conclusion. Because she failed to establish her eligibility for asylum, the IJ properly concluded that Narantika did not satisfy the heavier burden for withholding of removal. *See Zhou Yun Zhang*, 386 F.3d at 71.

Finally, Narantika's CAT claim is deemed waived because of her failure to address it meaningfully in her brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.